UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

K.B. BY MOTHER, NEXT FRIEND,
AND GUARDIAN T.B., ET. AL.,

        Plaintiffs,        Case No. 18-11795
v                                   Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
NICK LYON, RICHARD SNYDER,

        Defendants.
_____/

**ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION**

On June 6, 2018, Plaintiffs filed a complaint against Defendants the Michigan Department of Health and Human Services, Nick Lyon, and Richard Snyder. Compl., ECF No. 1. Plaintiffs are Michigan children and their families who claim that Defendants are providing them with inadequate mental health care. *Id.*

On September 7, 2018, Defendants filed a motion to dismiss Plaintiffs' claims. ECF No. 17. The order was granted in part and denied in part. ECF No. 29. Defendants then filed a motion for reconsideration of the Court's order. ECF No. 31. Defendants contend that the Court "misunderstood" the legal responsibilities of Prepaid Inpatient Health Plans and local County Medical Health Service Programs. *Id.* at 1.

**I.**

**A.**

Plaintiffs bring their claim as a class action on behalf of "[a]ll current or future Michigan Medicaid beneficiaries under the age of 21 with a behavioral, emotional, or psychiatric disorder who are or may be eligible for, but are not receiving, home and community-based services." ECF

No. 1 at 12. Plaintiffs contend that Defendants' failure to provide adequate mental health care services in their homes and communities have required some Plaintiffs to enter institutions (such as psychiatric hospitals and juvenile delinquency facilities) while the other Plaintiffs are at risk of requiring institutionalization in the future. *Id.* at 3.

Nationally, the Medicaid program is funded through joint contributions by federal and state governments. *Id.* at 15. If a state wishes to participate in the Medicaid program and receive federal funding, it must comply with certain requirements. *Id.* at 16. One of these requirements is that it provide Early and Periodic Screening, Diagnosis, and Treatment services ("EPSDT") for eligible individuals. *Id.* The state of Michigan receives Medicaid funds to assist in its facilitation and provision of health services. *Id.* at 15.

Defendant the Michigan Department of Health (the "Department") is responsible for facilitating the Medicaid program throughout Michigan. *Id.* To assist in this, the Department has contracted with ten Prepaid Inpatient Health Plans ("PIHPs") and local County Medical Health Service Programs ("CMHSP") to provide health services. *Id.* at 17. Plaintiffs contend that the PIHPs are not fulfilling Medicaid's requirements and as such, the Department should be held responsible.

**B.**

In their complaint, Plaintiffs raise six claims against Defendants for violating the following: the federal Medicaid EPSDT Mandate, the federal Medicaid reasonable promptness requirement, the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the due process provisions of the Medicaid Act, and due process rights under the Fourteenth Amendment. In deciding Defendants' motion to dismiss, the Court dismissed Count II and a portion of Count I of Plaintiffs' complaint. ECF No. 32. The balance of Plaintiffs' allegations remain intact.

In their motion for reconsideration, Defendants contend that the Court should have dismissed Counts V and VI which contain allegations of Defendants' violations of Plaintiffs' rights to notice and a hearing. ECF No. 31. Specifically, Count V provides:

> 242. The Medicaid Act requires that participating states provide an opportunity for a fair hearing for any individual whose requests for Medicaid services have been denied or not provided with reasonable promptness. 42 U.S.C. § 1396a(a)(3).
>
> 243. The Defendants have failed to establish and maintain customs, policies, and practices to provide Plaintiffs and members of the Plaintiff Class with adequate written notice of reductions, terminations, and denials of Medicaid funded intensive home and community-based mental health services and their rights to a pre-termination or reduction fair hearing, in violation of 42 U.S.C. § 1396a(a)(3), which is enforceable by the Plaintiffs pursuant to 42 U.S.C. § 1983.

ECF No. 1 at 57.

The complaint cites to 42 U.S.C. §1396a(a)(3) which provides that a "State plan for medical assistance must -- provide for granting an opportunity for a fair hearing before the State agency to any individual whose claim for medical assistance under the plan is denied or is not acted upon with reasonable promptness." The federal regulation 42 C.F.R. §431.210 requires the State to give the individual notice of this opportunity for a hearing. The notice must contain:

> (a) A statement of what action the agency, skilled nursing facility, or nursing facility intends to take and the effective date of such action;
>
> (b) A clear statement of the specific reasons supporting the intended action;
>
> (c) The specific regulations that support, or the change in Federal or State law that requires, the action;
>
> (d) An explanation of—
>
>> (1) The individual's right to request a local evidentiary hearing if one is available, or a State agency hearing; or
>>
>> (2) In cases of an action based on a change in law, the circumstances under which a hearing will be granted; and
>
> (e) An explanation of the circumstances under which Medicaid is continued if a hearing is requested.

42 C.F.R. §431.210. Plaintiffs' complaint does not allege that Defendants are not providing individuals with these hearings. Rather, the complaint contends that Defendants are not providing individuals *notice* of their right to a hearing when their benefits are to be reduced, terminated, or denied. ECF No. 1 at 57.

C.

In Defendants' reply brief to their motion to dismiss, they attempted to absolve themselves of responsibility by arguing that

> [B]efore reaching a full administrative hearing, there are review mechanisms through the CMHs, to the PIHPs, each of which requires appropriate notices. Each such notice can and should be addressed by the agency that issued it. Unless that action and notice is brought to the Department through the appropriate channels, Plaintiffs cannot show that the Department violated the U.S. Constitution or federal law by failing to review each such action or notice individually.

ECF No. 21 at 6–7. The Court disagreed and held that Defendants' responsibilities were not absolved simply by delegating their responsibilities to the CMHs and PIHPs. The Court's opinion provides:

> [A] contractual relationship with the PIHPs does not absolve Defendants of assuring or auditing to be sure that the requirements of the Medicaid Act are being met. Here, Defendants represent that they have delegated some of their notice and hearing responsibilities to the CMHs and PIHPs. Delegation of these responsibilities is permissible, but it does not excuse the Department from its obligation to provide notice and a hearing. If notice is not given or is defective due to the CMH or a PIHP, the Department is still responsible because the obligation to the individual recipient ultimately lies with the Department. Defendants have not demonstrated that the Medicaid Act or the Constitution remove the burden from them by virtue of delegating the responsibility to a CMH or a PIHP.

ECF No. 29 at 21.

II.

Defendants have now filed a motion for reconsideration. Pursuant to Eastern District of Michigan Local Rule 7.1(h), a party may file a motion for reconsideration of a previous order, but must do so within fourteen days of the order's entry. A motion for reconsideration will be granted

if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id.* at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "[T]he Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). *See also Bowens v. Terris*, No. 2:15-CV-10203, 2015 WL 3441531, at *1 (E.D. Mich. May 28, 2015).

**III.**

Defendants contend that "the Court appears to have misunderstood the role of the Community Mental Health (CMH) agencies whose decision – or alleged inactions – Plaintiffs ask this Court to correct." ECF No. 31 at 1. Defendants' main argument for reconsideration centers on the Court's finding that Defendants' notice and hearing responsibilities were not absolved simply by delegating those responsibilities to the CMHs and PIHPs..

**A.**

Defendants argue that as medicaid managed care organizations ("MCO"), the CMHs and PIHPs have an independent statutory obligation to provide notice to an enrollee when they receive an adverse benefit determination. 42 U.S.C. §1396b(m) defines a MCO as

> [A] health maintenance organization, an eligible organization with a contract under section 1395mm…, a provider sponsored organization, or any other public or private organization…and--
>
>> (i) makes services it provides to individuals eligible for benefits under this subchapter accessible to such individuals, within the area served by the organization, to the same extent as such services are made accessible to

> individuals (eligible for medical assistance under the State plan) not enrolled with the organization…

42 U.S.C. §1396b(m)(1)(A).

The notice and hearing obligations of managed care organizations is found under 42 U.S.C. §1396u-2(b)(4) which provides

> Each medicaid managed care organization shall establish an internal grievance procedure under which an enrollee who is eligible for medical assistance under the State plan under this subchapter, or a provider on behalf of such an enrollee, may challenge the denial of coverage of or payment for such assistance.

42 C.F.R. §438.404 addresses the requirements of timeliness and adequacy of the notice of an adverse benefit determination. It provides

(a) Notice. The MCO, PIHP, or PAHP must give enrollees timely and adequate notice of an adverse benefit determination in writing consistent with the requirements below and in §438.10.

(b) Content of notice. The notice must explain the following:

  (1) The adverse benefit determination the MCO, PIHP, or PAHP has made or intends to make.

  (2) The reasons for the adverse benefit determination, including the right of the enrollee to be provided upon request and free of charge, reasonable access to and copies of all documents, records, and other information relevant to the enrollee's adverse benefit determination. Such information includes medical necessity criteria, and any processes, strategies, or evidentiary standards used in setting coverage limits.

  (3) The enrollee's right to request an appeal of the MCO's, PIHP's, or PAHP's adverse benefit determination, including information on exhausting the MCO's, PIHP's, or PAHP's one level of appeal described at §438.402(b) and the right to request a State fair hearing consistent with §438.402(c).

42 C.F.R. §438.404.

If a MCO issues an adverse benefit decision, a party may appeal the decision within the MCO. If the decision is upheld on appeal, a party may request a hearing with the state to review the MCO's decision. 42 C.F.R. §438.402(a)–(c) ("Each MCO, PIHP, and PAHP must have a

grievance and appeal system in place for enrollees…An enrollee may file a grievance and request an appeal with the MCO, PIHP, or PAHP. An enrollee may request a State fair hearing after receiving notice under § 438.408 that the adverse benefit determination is upheld…").

**B.**

Defendants contend that Plaintiffs have not adequately pled a violation by Defendants of their notice and hearing obligations because Plaintiffs have not alleged any inadequacy by the PIHPs or CMHs. Defendants argue that:

> From what the Department has learned, none of the Plaintiffs has filed state fair hearing requests alleging that PIHPs failed to comply with the notice and timing requirements of §438.408. Yet, they did not explain how their failure to request PIHP-level reviews supports their claim that the Department violated their due process rights…
>
> Thus, when Plaintiffs complain about decisions or inactions made in the first instance by the CMHs that help to pay for their care - and do not allege that they availed themselves of even PIHP-level review, they must plead - *and ultimately show - that those entities violated this (and related) regulations when they interacted with Plaintiffs*. Yet, Plaintiffs have not sued their PIHPs and/or CMHs, nor have they pleaded any violation of these key provisions.

*Id.* at 5–7 (emphasis added).

At this stage of litigation, Plaintiffs are required to only plead their allegations. They are not required to prove them. A pleading does not require "detailed factual allegations" to survive dismissal. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In essence, the pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quotations and citation omitted). In their complaint, Plaintiffs do not explain the specific process by which Defendants failed to provide them notice. However, they included sufficient facts (including discussion of PIHPs and CMHs) supporting their allegations that Defendants did not provide adequate notice and hearing.

Defendants have presented various factual arguments supporting their contention that the PIHPs and CMHs are initially responsible for providing notice and hearing. The factual arguments may have merit, but a motion to dismiss is not the appropriate stage of litigation to determine the merits of these factual arguments. For example, Defendants present four exhibits that they contend prove that four of the seven Plaintiffs received notice from CMHs of a change in benefits, but that the four Plaintiffs did not file any PIHP-level reviews. This does not resolve the issue of whether Defendants may still be liable or whether the notices from the CMHs were adequate. It also does not address the remaining three Plaintiffs and whether they received adequate notice. The possibility exists that some Plaintiffs exhausted their appeals before the PIHPs and CMHs and that the Defendants were subsequently deficient in performing their notice and hearing duties.

Defendants have also identified authority indicating that PIHPs and CMHs have an independent statutory obligation to ensure that enrollees are provided notice when their benefits are adversely affected. However, Defendants do not address their agency relationship with the PIHPs and CMHs. Though the PIHPs and CMHs have an independent statutory obligation, Defendants have not demonstrated that delegation to the PIHPs and CMHs is the equivalent of absolution of the state's obligation to provide notice and a hearing under 42 U.S.C. §1396a(a)(3) and 42 C.F.R. §431.210.

Defendants have not demonstrated that the Court committed a palpable defect in partially denying Defendants' motion to dismiss. Accordingly, Defendants' motion for reconsideration will be denied.

## C.

Defendants explain that it was not their intent to misconstrue Plaintiff's allegations. They quote from the Court's order as follows:

> Plaintiff's complaint does not allege that Defendants are not providing individuals with these hearings. Rather, the complaint contends that Defendants are not providing individuals *notice* of their right to a hearing when their benefits are to be reduced, terminated, or denied.

ECF No. 29 at 19 (emphasis in original). Defendants explain that in their motion to dismiss they "did not seek to recast Plaintiff's position, but rather to give the Court a more complete picture of the process available to Plaintiff." ECF No. 31 at 2. They then request that "[t]o the extent that the Court based its decision on its understanding that the Department misconstrued Plaintiff's claim, the Department asks that it reconsider its denial of the motion to dismiss." *Id.* at 3. The order denying Defendants' motion to dismiss was not based on this concern. Accordingly, Defendant's motion for reconsideration will not be granted on this basis.

**IV.**

Accordingly, it is **ORDERED** that Defendants' motion for reconsideration, ECF No. 31, is **DENIED**.

Dated: May 24, 2019          s/Thomas L. Ludington
                             THOMAS L. LUDINGTON
                             United States District Judge