## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

**D.D.**, by his parent and Next
Friend **B.N.**; **G.P.**, by her parent
and Next Friend **A.P.**; **G.G.**, by his
mother and Next Friend **M.G.**;
**M.M.**, by his parent and Next
Friend **C.C.**; **L.G.**, by her parent
and Next Friend **T.G.**; **S.W.**, by his
parent and Next Friend **C.W.**;  and
**K.M.**, by his parent and guardian
**L.M.**,

      Plaintiffs,

v.

**MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN
SERVICES; ELIZABETH
HERTEL**, Director of Michigan
Department of Health and Human
Services, in her official capacity,

      Defendants.

No. 18-cv-11795-TLL-PTM
Hon. Thomas L. Ludington
Mag. Patricia T. Morris

---

**MANTESE HONIGMAN, PC**
Dave Honigman (P33146)
Gerard V. Mantese (P34424)
Theresamarie Mantese (P53275)
Attorneys for Plaintiffs
1361 E Big Beaver Rd.
Troy, MI 48083
(248) 457-9200
dhonigman@manteselaw.com
gmantese@manteselaw.com
tmantese@manteselaw.com

**DISABILITY RIGHTS MICHIGAN**
Kyle M. Williams (P77227)
Nicholas A. Gable (P79069)
Attorneys for Plaintiffs
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ngable@drmich.org

NATIONAL HEALTH LAW PROGRAM
Kimberly Lewis (CA – 144879)
lewis@healthlaw.org
Attorney for Plaintiffs
3701 Wilshire Blvd., Ste. 750
Los Angeles, CA 90010
(310) 736-1653

JOHN J. CONWAY PC
John J. Conway (P56659)
Attorney for Plaintiffs 2622
Woodward Ave. Ste. 225
Royal Oak, MI 48067
(313) 961-6525
jj@jjconwaylaw.com

Stephanie M. Service (P73305)
Kathleen A. Halloran (P76453)
Mark Donnelly (P39281)
MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL
Attorneys for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-8703
ServiceS3@michigan.gov
HalloranK1@michigan.gov
Donnellym@michigan.gov

### PLAINTIFFS' AMENDED MOTION FOR CLASS CERTIFICATION

Plaintiffs, by and through their attorneys, hereby move this Court for an order certifying the following Plaintiff class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2), for the reasons set forth in the accompanying Brief:

> All Medicaid-eligible beneficiaries under the age of 21 in the State of Michigan for whom a licensed practitioner of the healing arts acting within the scope of practice under state law has determined, through an assessment, that intensive home and community-based services are needed to correct or ameliorate their emotional, behavioral, or psychiatric condition. *See* First Amended Class Action Complaint, para. 20, pp. 7-8 (ECF# 71).

Pursuant to Local Rule 7.1, Plaintiffs' counsel sought concurrence from Defendants' counsel. Concurrence could not be fully obtained.

Dated:  April 11, 2022

Respectfully submitted,

**MANTESE HONIGMAN, PC**
*Attorneys for Plaintiffs*

*/s/Dave Honigman (P33146)*
Dave Honigman (P33146)
dhonigman@manteselaw.com
Gerard V. Mantese (P34424)
gmantese@manteselaw.com
Theresamarie Mantese (P53275)
tmantese@manteselaw.com
1361 E. Big Beaver Rd.
Troy, MI  48083
(248) 457-9200

**JOHN J. CONWAY, PC**
*Attorney for Plaintiffs*
John J. Conway (P56659)
26622 Woodward Ave., Ste. 225
Royal Oak, MI 48067
(313) 961-6525

**NATIONAL HEALTH LAW PROGRAM**
Kimberly Lewis (CA – 144879)
lewis@healthlaw.org
*Attorney for Plaintiffs*
3701 Wilshire Blvd., Ste. 750
Los Angeles, CA 90010
(310) 736-1653

**DISABILITY RIGHTS MICHIGAN**
Kyle M. Williams (P77227)
Nicholas A. Gable (P79069)
*Attorneys for Plaintiffs*
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ngable@drmich.org

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# NORTHERN DIVISION

**D.D.**, by his parent and Next Friend **B.N.**; **G.P.**, by her parent and Next Friend **A.P.**; **G.G.**, by his mother and Next Friend **M.G.**; **M.M.**, by his parent and Next Friend **C.C.**; **L.G.**, by her parent and Next Friend **T.G.**; **S.W.**, by his parent and Next Friend **C.W.**;   and **K.M.**, by his parent and guardian **L.M.**,

      Plaintiffs,

v.

**MICHIGAN DEPARTMENT OF HEALTH AND HUMAN SERVICES**; **ELIZABETH HERTEL**, Director of Michigan Department of Health and Human Services, in her official capacity,

      Defendants.

No. 18-cv-11795-TLL-PTM
Hon. Thomas L. Ludington
Mag. Patricia T. Morris

---

**MANTESE HONIGMAN, PC**
Dave Honigman (P33146)
Gerard V. Mantese (P34424)
Theresamarie Mantese (P53275)
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200
dhonigman@manteselaw.com
gmantese@manteselaw.com
tmantese@manteselaw.com

**DISABILITY RIGHTS MICHIGAN**
Kyle M. Williams (P77227)
Nicholas A. Gable (P79069)
Attorneys for Plaintiffs
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
kwilliams@drmich.org
ngable@drmich.org

**NATIONAL HEALTH LAW PROGRAM**
Kimberly Lewis (CA – 144879)
lewis@healthlaw.org
Attorney for Plaintiffs
3701 Wilshire Blvd., Ste. 750
Los Angeles, CA 90010
(310) 736-1653

**JOHN J. CONWAY PC**
John J. Conway (P56659)
Attorney for Plaintiffs 2622
Woodward Ave. Ste. 225
Royal Oak, MI 48067
(313) 961-6525
jj@jjconwaylaw.com

Stephanie M. Service (P73305)
Kathleen A. Halloran (P76453)
Mark Donnelly (P39281)
**MICHIGAN DEPARTMENT OF**
**ATTORNEY GENERAL**
Attorneys for Defendants
Health, Education & Family
Services Division
P.O. Box 30758
Lansing, MI 48909
(517) 335-8703
ServiceS3@michigan.gov
HalloranK1@michigan.gov
Donnellym@michigan.gov

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
## <u>AMENDED MOTION FOR CLASS CERTIFICATION</u>

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................... I

INDEX OF AUTHORITIES .............................................. II

CONCISE STATEMENT OF ISSUES PRESENTED ...................... V

CONTROLLING OR MOST APPROPRIATE
    AUTHORITY.................................................... VI

INTRODUCTION...................................................... 1

FACTUAL BACKGROUND .............................................. 2

I.     The Federal Medicaid Program .................................... 2

II.    The Medicaid Program in Michigan................................. 3

III.   The Americans with Disabilities Act and Section
     504 of the Rehabilitation Act.................................... 4

IV.   Medicaid Beneficiaries Under Age 21 in Michigan...................... 5

ARGUMENT ............................................................ 8

I.     Introduction................................................... 8

II.    Plaintiffs Satisfy Rule 23(a)..................................... 9

     A.    The Class is so Numerous That Joinder is
          Impracticable ............................................. 9

     B.    Rule 23(a) Requires Only a Single Common
          Question of Law or Fact; Here, There Are Many
          Common Such Questions And Such Questions
          Predominate .............................................. 11

     C.    The Plaintiffs' Claims Are Typical of The Class
          Claims................................................... 15

     D.    The Plaintiffs Will Fairly and Adequately Protect
          the Class................................................. 17

III.   Plaintiffs Meet the Requirements for Certification
     Under Rule 23(b)(2) ............................................ 19

CONCLUSION.......................................................... 21

# INDEX OF AUTHORITIES

## Cases

*Atkins v. Rivera*, 477 U.S. 154 (1986) ...................................................... 2

*Baby Neal v. Casey*, 43 F.3d 48 (3rd Cir. 1994)..................................... 20

*Barry v. Corrigan*, 79 F. Supp. 3d 712 (E.D. Mich. 2015) .................... 10, 11

*Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016) ......................................... 10

*Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160 (E.D. Mich. 2006)............. 10

*Beattie v. CenturyTel, Inc.*, 511 F.3d 554 (6th Cir. 2007) ...................... 16

*Braggs v. Dunn*, 317 F.R.D. 634 (M.D. Ala., 2016) .............................. 12

*Brown v. Tenn. Dept. of Finance and Admin.*, 561 F.3d 542 (6th Cir. 2009).......................................................................................................... 2

*Carr v. Wilson-Coker*, 203 F.R.D. 66 (D. Conn. 2001).......................... 10

*Crawley v. Ahmed*, 2009 WL 1384147 (E.D. Mich. May 14, 2009)...... 10

*Curry v. SBC Comms.*, 250 F.R.D. 301 (E.D. Mich. 2008).................... 10

*Cutler v. Perales,* 128 F.R.D. 39 (S.D.N.Y. 1989)................................. 20

*Daffin v. Ford Motor Co.*, 458 F.3d 549 (6th Cir. 2006)....................... 10

*Donegan v. Norwood*, 2017 WL 6569634 (N.D. Ill. 2017).................... 9

*Emily Q. v. Bonta*, 208 F. Supp. 2d 1078 (C.D. Cal. 2001).................... 9

*Fla. Pediatric Society/Fla. Chapter of Am. Academy of Pediatrics v. Benson*, 2009 WL 10668660 (S.D. Fla. Sept. 30, 2009)...................... 9

*Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147 (1982) ............................. 11

*Hamama v. Adducci*, 342 F.Supp.2d 751 (E.D. Mich. 2018)................. 10

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir. 1996)......................... 15

*In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838 (6th Cir. 2013)........................................................................ 12, 15

*J.K. ex rel. R.K. v. Dillenberg*, 836 F. Supp. 694 (D. Ariz. 1993) ......... 9

*K.B. by next friend T.B. v. Mich. Dep't of Health & Human Servs.*, 367 F. Supp. 3d 647 (E.D. Mich. 2019) .............................................. 4

*Katie A. ex rel. Ludin v. L.A. County*, 481 F. 3d 1150 (9th Cir. 2007)... 9

*Koss v. Norwood*, 305 F.Supp.3d 897 (N.D. Ill. 2018) .......................... 20

*M.H. v. Berry*, 2017 WL 2570262 (N.D. Georgia, 2017)...................... 20

*M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832 (5th Cir. 2012) ............ 12

*McCullough v. City of Montgomery*, 2020 WL 7647634 (M. D. Alaska 2020).................................................................................................... 12

*N.B. Hamos*, 26 F. Supp. 3d 756 (N.D. Ill. 2014) ................................. *passim*

*Nat'l Fed'n of Ind. Bus. v. Sebelius*, 567 U.S. 519 (2012) .................... 2

*O.B. v. Norwood*, 2016 WL 2866132 (N.D. Ill. May 17, 2016)............. 9, 14

*Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999)......................... 5

*Risinger ex rel. Risinger v. Concannon*, 201 F.R.D. 16 (D. Me. 2001) . 9

*Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993).................................. 16

*Rosie D. ex rel. John D. v. Romney*, 474 F.Supp.2d 238 (D. Mass. 2007)................................................................................................... 20

*Rosie D. v. Patrick*, 497 F. Supp. 2d 76 (D. Mass. 2007)..................... 9

*S.R. by and through Rosenbauer v. Penn. Dept. of Human Servs.*, 309 F.Supp.3d 250 (M.D. Pa. 2018................................................................ 9

*S.R. by and through Rosenbauer v. Penn. Dept. of Human Servs.*, 325 F.R.D. 103 (M.D. Penn. 2018) ................................................................ 14

*Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393 (2010)................................................................................................... 9

*Wal-Mart v. Dukes*, 564 U.S. 338 (2012) ............................................. 11

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532 (6th Cir. 2012)........ 12

**Statutes**

29 U.S.C. § 794(a) ................................................................................ 5

42 U.S.C. § 12132................................................................................. 4

42 U.S.C. § 1369d(a)(4)(B) .................................................................. 2

42 U.S.C. § 1396a(a)(43) ..................................................................... 2

42 U.S.C. § 1396a(a)(43)(C)................................................................ 13

42 U.S.C. § 1396a(a)(5) ....................................................................... 3

42 U.S.C. § 1396d(a) ........................................................................... 2

42 U.S.C. § 1396d(r)............................................................................ 2

42 U.S.C. § 1396d(r)(5) ................................................................ 13

42 U.S.C. §1396a(a)(3) ................................................................ 13

**Other Authorities**

*EPSDT: A Guide for States*, Centers for Medicare, and Medicaid
    Services............................................................................... 3, 5

Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment ....... 21

*Michigan Medicaid Provider Manual* ...................................... 3, 4

**Rules**

Fed. R. Civ. P. 23(a) ................................................................... 9

Fed. R. Civ. P. 23(a)(1) .............................................................. 9

Fed. R. Civ. P. 23(a)(2) .............................................................. 11

Fed. R. Civ. P. 23(a)(3) .............................................................. 15

Fed. R. Civ. P. 23(a)(4) .............................................................. 17

Fed. R. Civ. P. 23(b)(2) .............................................................. 20

**Treatises**

Newberg On Class Actions.......................................................... 21

**Regulations**

28 C.F.R. § 35.130(d) ................................................................. 4

28 C.F.R. § 41.51(d) .................................................................. 5

42 CFR §431.206 ...................................................................... 13

42 CFR §431.210 ...................................................................... 13

## CONCISE STATEMENT OF ISSUES PRESENTED

Plaintiffs and the unnamed class members are all Medicaid beneficiaries under age 21 who have been diagnosed with developmental disabilities, serious emotional disturbances ("SED"), and/or mental illness and are entitled to medically necessary Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") services under the Medicaid Act. Defendants are responsible for providing or arranging for these services under federal law but have failed to do so. This systemic failure and violation of federal law has harmed the Plaintiffs and unnamed class members, who seek injunctive and declaratory relief. Are the elements of Fed. R. Civ. P. 23(a) and 23(b)(2) satisfied such that the proposed class should be certified?

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY

1. Fed. R. Civ. P. 23(a)

2. Fed. R. Civ. P. 23(b)(2)

3. *N.B. v. Hamos*, 26 F. Supp. 3d 756 (N.D. Ill. 2014)

4. *Dozier v. Haveman*, No. 2:14-cv-12455, 2014 WL 5483008 (E.D. Mich. Oct. 29, 2014)

5. *Wal-Mart v. Dukes*, 564 U.S. 338 (2012)

6. *Barry v. Corrigan*, 79 F. Supp. 3d 712 (E.D. Mich. 2015)

7. *Rosie D. v. Patrick*, 497 F. Supp. 2d 76 (D. Mass. 2007)

## INTRODUCTION

Plaintiffs, on behalf of themselves and Medicaid beneficiaries under age 21 with developmental disabilities, serious emotional disturbances ("SED"), and mental health conditions, filed a Class Action Complaint on June 6, 2018 and a First Amended Class Action Complaint on February 13, 2022, seeking declaratory and injunctive relief after being denied access to the medically necessary intensive home and community-based mental health services to which they are entitled and which are necessary to allow these children and young adults to remain living in the least restrictive environment, usually at home. Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), Plaintiffs now seek certification of this class:

> All Medicaid-eligible beneficiaries under the age of 21 in the State of Michigan for whom a licensed practitioner of the healing arts acting within the scope of practice under state law has determined, through an assessment, that intensive home and community-based services are needed to correct or ameliorate their emotional, behavioral, or psychiatric condition. *See* First Amended Class Action Complaint, para. 20, pp. 7-8.

Here, tens of thousands of children, young adults, and their families, limited not only by the modesty of their financial resources but also by the emotional, physical, and financial burdens of their disabilities, respectfully seek certification as a class. Without such permission, the vast majority of these families will continue to be denied any meaningful opportunity to seek vindication of their children's right, guaranteed by federal law, to receive medically necessary services and supports to treat their conditions.

## FACTUAL BACKGROUND

### I.   The Federal Medicaid Program

The Medicaid program was "designed to provide medical assistance to persons whose income and resources are insufficient to meet the costs of necessary care and services." *Atkins v. Rivera*, 477 U.S. 154, 156 (1986). State participation in the Medicaid program is not compulsory, but, once a state agrees to participate, it must comply with the requirements imposed by the Social Security Act (the "Medicaid Act" or the "Act"). *See, e.g., Nat'l Fed'n of Ind. Bus. v. Sebelius*, 567 U.S. 519, 541-542 (2012); *Brown v. Tenn. Dept. of Finance & Admin.*, 561 F.3d 542, 544 (6th Cir. 2009).

The Medicaid Act imposes upon participating states the obligation to either provide or arrange for the provision of medically necessary Early and Periodic Screening, Diagnostic, and Treatment ("EPSDT") services to all Medicaid beneficiaries under age 21. *See* 42 U.S.C. §§ 1396a(a)(43); 1396d(r); and 1369d(a)(4)(B). EPSDT services include "such other necessary health care, diagnostic services, treatment, and other measures described in [42 U.S.C. § 1396d(a)] to correct or ameliorate defects and physical and mental illnesses discovered by the screening services, whether or not such services are covered by the State plan." 42 U.S.C. § 1396d(r).

EPSDT requires coverage of community-based services, such as community living supports ("CLS"), intensive crisis stabilization, intensive home-based

2

services, intensive care coordination, rehabilitation services, psychosocial/behavioral assessment, trauma services, behavioral health services/therapy, and outpatient mental health treatment by psychologists, physicians, and social workers. *Michigan Medicaid Provider Manual*, pp. 339, 361, 382, 447, 468, 596, 672-3, 681, 682, 684, and 685 [https://www.mdch.state.mi.us/dch-Medicaid/manuals/MedicaidProviderManual.pdf](https://www.mdch.state.mi.us/dch-Medicaid/manuals/MedicaidProviderManual.pdf). According to the Centers for Medicare and Medicaid ("CMS"), the federal agency that administers the Medicaid program, "the goal of EPSDT is to assure that individual children get the health care that they need when they need it – the right care to the right child at the right time in the right setting." *EPSDT: A Guide for States*, Centers for Medicare, and Medicaid Services, https://www.medicaid.gov/medicaid/benefits/downloads/epsdt coverage_guide.pdf, p. 1 (June 2014).

## II.   The Medicaid Program in Michigan

The State of Michigan participates in the Medicaid program and has designated the Michigan Department of Health and Human Services ("MDHHS") as the state agency ultimately responsible for administering the Medicaid program under 42 U.S.C. § 1396a(a)(5). MDHHS contracts the provision of Medicaid and other services out to ten Prepaid Inpatient Health Plans ("PIHPs") located throughout Michigan. The PIHPs then contract with Community Mental Health Service

Providers ("CMHSPs") to provide EPSDT and other Medicaid services in designated geographic regions.

Once a qualified medical provider has determined that an EPSDT service is "medically necessary," MDHHS is required to ensure that the service is available to the eligible Medicaid beneficiary. *K.B. by next friend T.B. v. Mich. Dep't of Health & Human Servs.,* 367 F. Supp. 3d 647, 658-59 (E.D. Mich. 2019). The Michigan Medicaid Provider Manual explains that "[i]t is important to identify illnesses and conditions early ***and*** to treat any health problems discovered in children ***before*** they become worse and more costly." *Michigan Medical Provider Manual online in PDF format, Version dated January 1, 2022, at https://www.mdch.state.mi.us/dch-medicaid/manuals/MedicaidProviderManual.pdf, p. 672.* (Emphasis added.)

### III.   The Americans with Disabilities Act and Section 504 of the Rehabilitation Act

Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from discriminating against individuals with disabilities or denying those individuals the benefits of services, programs, or activities of that entity. 42 U.S.C. § 12132. The law further requires that a public entity administer services in the most integrated settings appropriate to the needs of people with disabilities. 28 C.F.R. § 35.130(d). Where persons with disabilities are able to be treated in their communities, the ADA's proscription on discrimination requires them to be treated in the community, rather than in an institution. *Olmstead v. L.C. ex rel. Zimring*, 527 U.S.

4

581, 587 (1999). Section 504 of the Rehabilitation Act similarly prohibits discrimination and requires administration of services in the most integrated setting. 29 U.S.C. § 794(a); 28 C.F.R. § 41.51(d). Moreover, "CMS has long encouraged states to provide services in home and community settings, particularly for children, not only because of *Olmstead*, but because community-based care is considered a best practice for supporting children with disabilities and chronic conditions. In addition, it is generally more cost-effective." *EPSDT: A Guide for States*, at 21-22.

## IV.   Medicaid Beneficiaries Under Age 21 in Michigan

There are tens of thousands of children under 21 with developmental disabilities, serious emotional disturbances, and mental illness in Michigan who are Medicaid beneficiaries and, thus, are eligible for medically necessary EPSDT services. According to data compiled by the State of Michigan, there were more than 60,000 children (under age 18) with serious emotional disturbances in Michigan in 2019.[1] All of these children are eligible for medically necessary EPSDT services and do not receive and/or at risk of not receiving the medically necessary EPSDT services to which they are entitled.

---

[1]   Michigan Department of Health and Human Services, *Report on CMHSPs, PIHPs and Regional Entities, Per Section 904(1) of PA 67 of 2019*, https://www.michigan.gov/documents/mdhhs/Section_904-1_715330_7.pdf p. 85 (Last Visited February 3, 2022). This number does not include the 19 and 20 year olds who are also entitled to EPSDT.

All the named Plaintiffs are Medicaid beneficiaries under the age of 21, and all have been diagnosed with one or more emotional impairments and/or mental illnesses. Under the Medicaid Act's EPSDT provisions, the named Plaintiffs and the unnamed Class members they represent are all entitled to receive medically necessary Medicaid services. Virtually all class members are being harmed or are at future risk of harm caused by not receiving the services that treating providers have determined are necessary to treat or ameliorate their conditions. As set forth in detail in the First Amended Complaint (Dkt. 71), each of the named Plaintiffs and unnamed Class members has experienced barriers to accessing EPSDT services to which they are entitled and, if unremedied, will continue to confront such barriers. MDHHS has failed to provide or arrange for the provision of the full spectrum of services each named Plaintiff is entitled to receive under the EPSDT provisions of the Act, and/or to apprise them of their due process rights. All of the Plaintiffs have experienced repeated mental health crises in the community. These crises often result in Emergency Department visits and/or police interventions. Without appropriate and medically necessary supports and services, these children and their families will continue to suffer irreparable emotional, developmental, and financial harm in addition to injury to their autonomy and dignity.

For example, D.D. is an 11-year-old Medicaid beneficiary from Genesee County, Michigan. He has been diagnosed with a variety of mental health conditions,

including bipolar disorder, reactive attachment disorder ("RAD"), attention deficit hyperactivity disorder ("ADHD"), and Autism. He has severe behavior problems and has injured himself and members of his family. D.D. has been sent to emergency departments at least thirty times during mental health crises and has been placed in a residential treatment facility twice since 2019. He has been found eligible for a variety of intensive home and community-based services but has not received them in the amount and frequency he needs. As a result, he is suffering harm and at great risk of further harm. *See* First Amended Complaint, p. 26-33.

G.P. is a 15-year-old Medicaid beneficiary from Iron County who has been diagnosed with autism, intellectual disabilities, and ADHD. G.P. displays aggression, impulsivity,   and self-injurious behaviors. She has been in and out of the emergency room, broken windows, and seriously injured her mother (resulting in her mother's hospitalization).  She has not received the intensive in home services found necessary to treat her condition and enable her to live safely in the community, and her family has been encouraged to consider placing her in foster care so that she can get the services she needs. *See* First Amended Class Action Complaint, p 37-40.

G.G. is an 18-year-old Medicaid beneficiary from Lapeer County who has been diagnosed with Down syndrome and bipolar disorders and shows symptoms of schizophrenia. G.G. is a loving child, but, as a result of his illnesses, G.G. displays aggressive behavior and has violent tantrums. Due to his significant behavioral

needs, G.G. has been approved for intensive home-based services around the clock in the home. Despite this, for over eighteen months, he has not received these authorized supports. As a result of the failure to provide these intensive home and community based services, he is residing in a child caring institution ("CCI"). The CMHSP responsible for providing his services has suggested to the family that they give up parental rights for G.G. so that he may receive the services he needs. *See* First Amended Complaint, pp. 37-40.

Like these three children, the remaining Named Plaintiffs and class members are children with severe emotional, behavioral, and psychiatric conditions for whom intensive community-based services are necessary and/or have been approved, but who have not received them. As a result, they suffer harm, struggle to attend school and remain in their homes, and are at risk of institutionalization. *See* First Amended Complaint, pp. 41-57.

## ARGUMENT

### I.    Introduction

The Federal Rules of Civil Procedure require that the party moving for class certification satisfy all the requirements of Rule 23(a) and one of the subparts of Rule 23(b). The discretion to pursue a class action resides in the plaintiff, and a court must "certify a class 'in each and every case' where the Rules' [here, Rule 23(a) and

(b)(2)] criteria are met." *Shady Grove Orthopedic Assoc. v. Allstate Ins. Co.*, 559 U.S. 393, 400 (2010).

Courts frequently certify classes in cases involving Medicaid-eligible children alleging EPSDT violations like the claims at issue in this matter. *See, e.g., S.R. by and through Rosenbauer v. Penn. DHS,* 309 F. Supp. 3d 250 (M.D. Pa. 2018); *Donegan v. Norwood*, 2017 WL 6569634 (N.D. Ill. 2017); *O.B. v. Norwood*, 2016 WL 2866132 (N.D. Ill. May 17, 2016); *N.B. Hamos*, 26 F. Supp. 3d 756 (N.D. Ill. 2014); *Fla. Pediatric Soc./Fla. Chapter of Am. Academy of Pediatrics v. Benson*, 2009 WL 10668660 (S.D. Fla. Sept. 30, 2009); *Katie A. ex rel. Ludin v. L.A. County*, 481 F. 3d 1150 (9th Cir. 2007); *Rosie D. v. Patrick*, 497 F. Supp. 2d 76 (D. Mass. 2007); *Risinger ex rel. Risinger v. Concannon*, 201 F.R.D. 16 (D. Me. 2001); *Emily Q. v. Bonta*, 208 F. Supp. 2d 1078 (C.D. Cal. 2001); and *J.K. ex rel. R.K. v. Dillenberg*, 836 F. Supp. 694 (D. Ariz. 1993).

## II.   Plaintiffs Satisfy Rule 23(a)

Rule 23(a) sets forth four criteria for certifying a class action: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Fed. R. Civ. P. 23(a). The proposed Class meets all four requirements.

### A. The Class is so Numerous That Joinder is Impracticable

Rule 23(a)(1) requires that the class be so numerous that joinder of all class members is "impracticable." Fed. R. Civ. P. 23(a)(1). Generally, numerosity is

satisfied where the potential class exceeds 40 members. *Curry v. SBC Comms.*, 250 F.R.D. 301, 310 (E.D. Mich. 2008). "There is no strict numerical test, substantial numbers usually satisfy the numerosity requirement." *Hamama v. Adducci*, 342 F. Supp. 2d 751, 762 (E.D. Mich. 2018) (citing *Daffin v. Ford Motor Co*., 458 F.3d 549, 552 (6th Cir. 2006)). The exact number of members of a proposed class need not be known if general knowledge and common sense indicate that the class is large. *Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 168 (E.D. Mich. 2006), *aff'd in part and rev'd in part*, 511 F.3d 554 (6th Cir. 2007). "Other factors to consider include judicial economy, geographical dispersion of class members, ease of identifying putative class members, and practicality with which individual class members could sue on their own." *Barry v. Corrigan*, 79 F. Supp. 3d 712, 731 (E.D. Mich. 2015) *aff'd sub nom. Barry v. Lyon*, 834 F.3d 706 (6th Cir. 2016) (citing *Crawley v. Ahmed*, 2009 WL 1384147, at *10 (E.D. Mich. May 14, 2009)); *Carr v. Wilson-Coker*, 203 F.R.D. 66, 72-73 (D. Conn. 2001) (joinder impracticable where, as here, financial and health status of proposed class complicate ability to obtain information about their rights).

Here, the numerosity requirement is easily satisfied. The challenged statute, the Medicaid Act, is generally applicable to a class of recipients that is large and spread across the entire state. General knowledge and common sense indicate that the proposed class is very large, which is supported by the statistics published by Defendant MDHHS. While the statistics MDHHS issued only reflect a subset of the

Class (those children under age 18), they suggest that the class is larger than 60,000 children.[2] *MDHHS Memo 2019*, *supra* n. 1. Moreover, the limited finances of the proposed class members and attendant difficulty in obtaining information about their rights also contribute to the impracticability of individual suits. *See Barry*, 79 F. Supp. 3d at 731 (numerosity satisfied where putative class consisted of several thousand people spread across Michigan who faced difficulty bringing suit given low-income status); *N.B. v. Hamos*, 26 F. Supp. 3d 756, 770 (N.D. Ill. 2014) (joinder impracticable where putative class consisted of children with health issues and limited financial means who were spread across the entire state).

### B. Rule 23(a) Requires Only a Single Common Question of Law or Fact; Here, There Are Many Common Such Questions And Such Questions Predominate

Commonality requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). A Plaintiff must be part of the same class and "possess the same interest and suffer the same injury" as the putative class members. *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 156 (1982) (quotations and citations omitted). A claim must involve a common contention which is capable of class-wide resolution through a common answer. *Wal-Mart v. Dukes*, 564 U.S. 338, 349-350 (2012); *see also In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*,

---

[2]   Michigan Department of Health and Human Services, *Report on CMHSPs, PIHPs and Regional Entities, Per Section 904(1) of PA 67 of 2019*, https://www.michigan.gov/documents/mdhhs/Section_904_1_715330_7.pdf (Last Visited February 3, 2022).

722 F.3d 838, 857 (6th Cir. 2013). There must be "at least one common question that, when answered, substantially advances the litigation." *Dozier*, 2014 WL 5483008, at *22 (citing *Dukes*, 564 U.S. at 350). "[T]here need be only one common question to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d at 853 (6th Cir. 2013).

Factual variation among the class members does not defeat commonality. *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012). "The common element may be one of fact *or* law and need not be one of each . . . *either* a question of law *or* a question of fact will suffice. Thus, for example, factual differences are not fatal to a class action if common questions of law exist." *McCullough v. City of Montgomery*, 2020 WL 7647634, at*4 (M. D. Alaska 2020) ("the existence of factual differences does not prevent a finding of commonality"). A valid claim for class-wide relief may be "based on an allegation that the [defendant] engages in a pattern or practice of agency action or inaction—including a failure to correct a structural deficiency within the agency, such as insufficient staffing—with respect to the class, even if plaintiffs do not contend that every member of the class has suffered an actual injury." *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 847–48 (5th Cir. 2012).

"Individual differences do not defeat certification because there is no requirement that every other class member be affected by the institutional practice in the same way. *Braggs v. Dunn*, 317 F.R.D. 634, 657 (M.D. Ala., 2016).

Plaintiffs, individually and on behalf of the Class, have raised the following common claims against all Defendants, which claims are capable of class-wide resolution that will advance the litigation:

(a) Failure to provide or arrange for home and community-based services and establish policies and procedures that facilitate access to these services as required under 42 U.S.C. § 1396a(a)(43)(C) and 42 U.S.C. § 1396d(r)(5);

(b) Failure to provide notice and an opportunity to be heard after denying requests for services, reducing, suspending, or terminating services, and failing to provide services timely, in violation of due process under the United States Constitution and the Medicaid Act (42 U.S.C. §1396 a(a)(3), 42 CFR §431.210 and 42 CFR §431.206);

(c) Failure to operate and oversee the behavioral health managed care program consistent with Title XIX of the Social Security Act and implementing regulations under 42 C.F.R. Part 438;

(d) Failure to arrange for medically necessary intensive home and community-based Medicaid services and administer them in the least restrictive setting in violation of Title II of the ADA and § 504 of the Rehabilitation Act;

(e) Failure to make reasonable modifications to programs and policies to make intensive home and community-based services available in violation of Title II of the ADA and § 504 of the Rehabilitation Act;

(f) Failure to inform individuals of the EPSDT program what services are available to them, and how they may obtain those services; and

(g) Use of criteria or methods of administration which result in discrimination based on disability or defeat or substantially impair accomplishing their objectives in violation of Title II of the ADA and § 504 of the Rehabilitation Act.

The commonality requirement is satisfied where, as here, the claims are based on a systemic failure to comply with a legal requirement, such as a provision of the Medicaid Act. Courts have certified classes in similar cases. For example, in *O.B. v. Norwood*, 2016 WL 2866132 (N.D. Ill. May 17, 2016), the court certified a class of children who needed in-home nursing after finding that commonality was satisfied where plaintiffs alleged a systemic failure by the state agency to "arrange for" EPSDT services, in violation of the Medicaid Act.

In *N.B. v. Hamos*, 26 F. Supp. 3d 756 (N.D. Ill. 2014), the court certified a class of Medicaid beneficiaries under age 21 with mental health conditions and developmental disabilities who were eligible for, but not in receipt of, medically necessary EPSDT services. The court determined that the injuries were capable of classwide resolution because the plaintiffs alleged that the state's system violated EPSDT and the integration mandate of the ADA and Rehabilitation Act, and that the defendant failed to make available medically necessary services. *Hamos*, 26 F. Supp. 3d at 773-774. The fact that the plaintiffs suffered from different mental illnesses or emotional disorders and were entitled to different EPSDT services did not inhibit a finding of commonality, because the plaintiffs alleged systemic failure to provide services. *Id* at 773. Similarly, in *S.R. by and through Rosenbauer v. Penn. Dept. of Human Servs.*, 325 F.R.D. 103 (M.D. Penn. 2018), as here, the plaintiffs sought certification of a class of Medicaid-eligible children under age 21 who alleged

violations of the Medicaid Act's EPSDT provisions, the ADA, and the Rehabilitation Act. The defendants argued that the plaintiffs could not satisfy commonality, citing *Wal-Mart v. Dukes*. *Id.* at 109-110. In that case the court found defendants' reliance on *Dukes* misdirected in part because plaintiffs alleged systemic deficiencies that did not require individualized determinations. *Id.* The court found that "this is exactly the type of 'common mode' or practice predicating each alleged violation that was noticeably absent from *Dukes*." *Id. See also, e.g., Dozier*, 2014 WL 5483008, at *22 (claims that former Medicaid beneficiaries' coverage was terminated without adequate notice capable of class-wide resolution). Here, as in *Hamos* and *Rosenbauer*, the Class claims are based on common contentions capable of class-wide resolution and Plaintiffs have satisfied commonality.

## C. The Plaintiffs' Claims Are Typical of The Class Claims

To be certified, the plaintiffs' claims must be typical of the class claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is satisfied where the claims arise from the same event or conduct or practice and are based on the same legal theory. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Typicality serves to ensure that the named plaintiff's interests are aligned with the class members' interests so that the plaintiff advocates on the class members' behalf. *In re Whirlpool*, 722 F.3d at 852. The requirement is satisfied if the plaintiff's claims fairly encompass the class claims. *Id.*

15

"A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996)). In this case, the injury suffered by all class members arises from the alleged failure of MDHHS to provide or arrange for medically necessary services and observe due process, as required by the Medicaid Act, ADA, Rehabilitation Act, and the Due Process Clause of the Fourteenth Amendment. Cases alleging denial of a statutorily mandated benefit usually meet the typicality requirement. The particular reason why this statutory obligation is not being fulfilled for a particular member of the class is not relevant to finding that their injury arises from violation of the same statute. *See Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993) ("When it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class . . . the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims.").

Here, Plaintiffs' claims and the claims of each putative Class member arise from the same events, practices, or course of conduct – namely, Defendants' denial or failure to provide medically necessary intensive home and community based services as required under EPSDT. Moreover, the claims are premised upon the exact same violations of federal law. Because Plaintiffs cannot prove their own claims

16

against Defendants without necessarily proving each putative Class member's individual claim against Defendants, it goes without saying that Plaintiffs' claims are typical of the Class claims. *Roberts*, 2015 WL 1401352, at *4 (typicality is not satisfied where plaintiff proves his claim without proving anyone else' claim). The named Plaintiffs' injuries arise from the same conduct affecting the Class in its entirety – Defendants' failure to make available medically necessary intensive home and community-based mental health services covered under EPSDT services. *See N.B.,* 26 F. Supp. 3d at 771 (finding typicality where named plaintiffs all had mental health or behavioral health disorders and alleged denial of access to intensive community based services). A sufficient relationship exists between the named Plaintiffs' injuries and the conduct affecting the class.

### D. The Plaintiffs Will Fairly and Adequately Protect the Class

Finally, Rule 23(a)(4) requires that the class be adequately and fairly represented by both the named plaintiffs and counsel. Fed. R. Civ. P. 23(a)(4). This inquiry involves two criteria: "(1) the representative must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Young*, 693 F.3d at 543. Class counsel must also be qualified, experienced, and able to litigate the matter. *Id.*

Here, the named Plaintiffs and the Class members have common interests such that no conflict of interest exists between them. As discussed, Plaintiffs share the same interests and incentives as the Class members: to receive the medically necessary home and community-based services to which they are entitled under the Medicaid Act's EPSDT provisions. Because their claims arise out of the same conduct, Plaintiffs' will necessarily advocate zealously on behalf of the Class.

Further, the firms serving as class counsel – Mantese Honigman, P.C., Disability Rights Michigan, the National Health Law Program, Inc., and John J Conway P.C. – are qualified, experienced, and able to conduct this litigation. The cocounsel agreement between the firms provides that Dave Honigman of Mantese Honigman, P.C. and Kyle Williams of Disability Rights Michigan shall jointly serve as lead counsel. Mantese Honigman, P.C. ("MH") specializes in complex litigation and has a lengthy and successful history of litigating complex class actions in federal and state courts.[3] **Exhibit 1**, *CVs of Dave Honigman and Gerard V. Mantese*.

Disability Rights Michigan ("DRM") is the state's protection and advocacy organization mandated by federal law to protect and advocate for the rights of

---

[3]     Among others, MH has served as co-lead counsel in numerous class actions involving persons with disabilities, including *Minter, et al. v. Dazzo*, case no. 10-cv-15018 (E.D. Michigan, September 30, 2011); *Berge v. United States*, 879 F. Supp. 2d 98, 99 (D.D.C. 2012), amended and vacated in part on reconsideration, 949 F. Supp. 2d 36 (D.D.C. 2013); *Johns v. Blue Cross Blue Shield of Mich.*, Case No. 08-cv-12272 (E.D. Mich.); *Potter v. Blue Cross Blue Shield of Mich.*, Case No. 10-cv-14981 (E.D. Mich.); and *Churchill v. Cigna Corp.*, Case No. 10-cv-06911 (E.D. Pa.).

individuals with disabilities; its counsel is highly experienced in the area of mental health and disability rights. **Exhibit 2**, *CVs of Kyle Williams and Nicholas Gable*. DRM has served as co-counsel in various class actions and actions involving associational standing.[4] John J. Conway, III, has over 21 years of litigation experience and specializes in class action and ERISA litigation, including Medicaid litigation on behalf of child beneficiaries. **Exhibit 3**, *CV of John J. Conway III*. The attorneys from the National Health Law Program have extensive experience with Medicaid class actions and have been appointed class counsel in numerous cases, including ones involving similar claims and classes to this case.[5] **Exhibit 4**, *CVs of Kimberly Lewis and Sarah Somers*.

### III. Plaintiffs Meet the Requirements for Certification Under Rule 23(b)(2)

In addition to Rule 23(a), a class seeking certification must satisfy one subsection of Rule 23(b). Plaintiffs seek to certify their class in accordance with Rule 23(b)(2), which is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive

---

[4] *See, e.g., McBride, et al. v. Mich. Dept. of Corr.*, No. 2:1S-cv-11222 (E.D. Mich.); *Waskul v. Washtenaw County Community Mental Health*, 979 F.3d 426 (6th Cir. 2020).

[5] *See, e.g., O.B. v. Norwood*, 2016 WL 2866132 (N.D. Ill. May 17, 2016); *T.R. v. Dreyfus*, No. 2:09-cv-01677-TSZ (W.D. Wash. July 23, 2010) (certifying class); *Pashby v. Cansler*, 297 F.R.D. 347 (E.D.N.C. 2011), *aff'd on other grounds sub nom. Pashby v. Delia*, 709 F.3d 307 (4th Cir. 2013).

relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

Indeed, courts frequently certify classes under Rule 23(b)(2) in cases where Medicaid recipients seek to enforce their rights. *See Hamos*, 26 F. Supp. 3d at 774 (Rule 23(b)(2) satisfied where the only remedy for class alleging violations of EPSDT provisions was statewide implementation of services); *M.H. v. Berry*, 2017 WL 2570262 at *6 (N.D. Georgia, 2017) (Rule 23(b)(2) met where injunction or declaratory judgment would resolve issues); *Baby Neal v. Casey*, 43 F.3d 48 (3rd Cir. 1994) (class of child welfare recipients alleging systemic violations met Rule 23(b)(2) criteria); *Cutler v. Perales,* 128 F.R.D. 39, 47 (S.D.N.Y. 1989) (class of Medicaid recipients alleging fair hearing delays under Rule 23(b)(2)); *see also Koss v. Norwood*, 305 F.Supp.3d 897 (N.D. Ill. 2018); *Rosie D. ex rel. John D. v. Romney,* 474 F.Supp.2d 238 (D. Mass. 2007) (remedial order following decision involving class of Medicaid-eligible children with serious emotional disturbances).

Lawsuits like this one, in which plaintiffs allege systemic violations of civil rights guaranteed by federal law, is a classic example of an action appropriate for certification under subdivision (b) (2):

> **Subdivision (b)(2).** This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate . . . ***Action or inaction is directed to a class within the meaning of this subdivision even if it has taken***

*effect or is threatened only as to one or a few members of the class, provided it is based on grounds which have general application to the class.* Illustrative are various actions in the civil-rights field where a party is charged with discriminating unlawfully against a class, usually one whose members are incapable of specific enumeration.

*See* Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment (Emphasis supplied).

Moreover, "[Rule] 23 (b)(2) certification is not barred when not all the class members have been injured since 'not all class members must be aggrieved by the defendant's conduct as long as the challenged policy is generally applicable to the class as a whole.'" Newberg On Class Actions, §4:28, p. 105

Here, plaintiffs allege violations of their rights under the Medicaid Act, ADA, Rehabilitation Act, and the Due Process Clause of the 14th Amendment. Moreover, Defendants are charged with action or inaction directed to the class based on generally applicable grounds. Here, Plaintiffs seek to "settl[e] the legality of th[is] behavior with respect to the class as a whole." (Fed. R. Civ. P. 23, Advisory Committee Notes, 1966 Amendment). This case is a paradigmatic instance for the certification of a (b)(2) class and Plaintiffs have more than satisfied the minimum requirements that entitle them to maintain a (b)(2) class action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify this Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2).

Dated: April 11, 2022

Respectfully submitted,

**MANTESE HONIGMAN, P.C.**

*Attorneys for Plaintiffs*
By: */s/ Dave Honigman*
Dave Honigman (P33146)
dhonigman@manteselaw.com
By: */s/Gerard V. Mantese*
Gerard V. Mantese (P34424)
gmantese@manteselaw.com
Theresamarie Mantese (P53275)
tmantese@manteselaw.com
Emily S. Fields (P82047)
efields@manteselaw.com
1361 E. Big Beaver Rd.
Troy, MI  48083
(248) 457-9200

**DISABILITY RIGHTS
MICHIGAN**

*/s/ Kyle M. Williams*
Kyle M. Williams (P77227)
kwilliams@drmich.org
*/s/ Nicholas A. Gable*
Nicholas A. Gable (P79069)
ngable@drmich.org
Attorneys for Plaintiffs
4095 Legacy Parkway
Lansing, MI  48911
(517) 487-1755

**NATIONAL HEALTH LAW
PROGRAM**

*/s/ Kimberly Lewis*
Kimberly Lewis (CA – 144879)
lewis@healthlaw.org

22

Attorney for Plaintiffs
3701 Wilshire Blvd., Ste. 750
Los Angeles, CA 90010
(310) 736-1653

**JOHN J. CONWAY PC**

*/s/ John J. Conway*
John J. Conway (P56659)
jj@jjconwaylaw.com
Attorney for Plaintiffs
26622 Woodward Ave., Ste. 225
Royal Oak, MI  48067
(313) 961-6525

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2022 I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Nicholas A. Gable*
Nicholas A. Gable
