UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D.D., by Next Friend B.N., *et al.*,

        Plaintiffs,

v.

MICHIGAN DEPARTMENT OF HEALTH
AND HUMAN SERVICES and NICK LYON,

        Defendants.
_____/

Case No. 1:18-cv-11795

Honorable Thomas L. Ludington
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION**

Federal law requires the State of Michigan to provide Early and Periodic Screening, Diagnosis, and Treatment (EPSDT) services to all Medicaid-eligible children under the age of 21 with reasonable promptness. Plaintiffs, seven children receiving Medicaid benefits for mental-health conditions, allege Michigan is not providing them home- and community-based services (HCBS) for mental health with reasonable promptness, if at all. They seek declaratory and injunctive relief to mandate Michigan's compliance with federal law.

Plaintiffs now seek class certification. As explained hereafter, Plaintiffs' Amended Motion for Class Certification will be granted and the proposed class will be certified.

**I.**

This case involves Michigan's compliance with the Federal Medicaid Program, the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act of 1973, and procedural due process. ECF. No. 71 at PageID.1190–91. Federal and State governments jointly fund Medicaid under Title XIX of the Social Security Act. *See* 42 U.S.C. § 1296 *et seq*. Like all states

participating in Medicaid, Michigan must provide EPSDT services[1] to eligible children under the age of 21. 42 U.S.C. §§ 1396a(a)(10)(A), (4)(B), (43), 1396d(r).

Michigan receives Medicaid funds to provide health services. *Id.* at PageID.1197–98. The Michigan Department of Health and Human Services (MDHHS) administers Medicaid. ECF No. 77 at PageID.1470–71. To that end, the MDHHS contracts with ten Prepaid Inpatient Health Plans ("PIHPs") that contract with Community Mental Health Service Providers that deliver HCBS in designated geographic regions. *Id.*

Plaintiffs brought this case in June 2018 against the MDHHS, Nick Lyon, and the Governor of Michigan. ECF No. 1. The latter has since been dismissed. ECF No. 59. Plaintiffs contend the PIHPs, and thus the MDHHS, are not fulfilling Medicaid's requirements and therefore seek injunctive and declaratory relief.[2] ECF No. 71.

Plaintiffs are seven Medicaid-eligible beneficiaries under the age of 21 allegedly injured by Defendant's failure to provide the required EPSDT services promptly, if at all. D.D. is 11 and

---

[1] The MDHHS must provide EPSDT services with reasonable promptness. *See* 42 U.S.C. § 1396a(a)(8); 42 C.F.R. § 435.930(a). EPSDT services includes a variety screening, diagnostic, and treatment services. *See Early and Periodic Screening, Diagnostic, and Treatment*, MEDICAID.GOV, https://www.medicaid.gov/medicaid/benefits/early-and-periodic-screening-diagnostic-and-treatment/index.html [https://perma.cc/8MY6-AG5Y]. More specifically, EPSDT services include all 31 services listed under § 1396d(a). These services include: home health-care services, *id.* § 1396d(a)(7), rehabilitative services, *id.* § 1396d(a)(13), arrangements for community-supported living, *id.* § 1396d(a)(23), services in intermediate-care facilities, *id.* § 1396d(a)(15), and inpatient psychiatric hospitalization, *id.* § 1396d(a)(16).

[2] Under the Declaratory Judgment Act, a federal court with subject-matter jurisdiction "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). A declaratory judgment may be the basis of "further necessary or proper relief" against the adverse party. *Id.* § 2022. But the Declaratory Judgment Act does not "relax Article III's command that an actual case or controversy exist" before a federal court may adjudicate a question and grant declaratory relief. *MedImmune, Inc. v. Genetech, Inc.*, 549 U.S. 118, 138 (2007) (Thomas, J., dissenting) ("[T]he question in each case is whether the facts alleged . . . show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." (citation omitted)).

has had more than 30 ER visits for mental-health crises. *See* ECF No. 71 at PageID.1211. G.G. is 18, has ADHD, bipolar disorder, and Down Syndrome, and experiences "severe behavioral outbursts," often becoming physically aggressive and destroying property. *Id.* at PageID.1219, 1221. L.G. is 16, has PTSD, Reactive Attachment Disorder, and a mood disorder, and her mother brought criminal charges against her on a CMH employee's advice that it was "the only way she would qualify for residential treatment." *Id.* at PageID.1230–31. S.W. is 15 and has attempted suicide on multiple occasions. *Id.* at PageID.1235. M.M. is 14, has schizophrenia and bipolar disorder, and is institutionalized. *Id.* at PageID.1226–27. G.P. is 15 with ADHD and Intermittent Explosive Disorder, and her parents were advised to place her in foster care to get the treatment she needs. *Id.* at PageID.1225. K.M. is 13, has a history of mental-health crises, and cannot live with her family due to "homicidal ideation, rage, and destr[uction of] property," yet she no longer receives community-support services "due to lack of available staffing." *Id.* at PageID.1240–42.

Plaintiffs first filed a six-count complaint. ECF No. 1. But after a partially successful motion to dismiss, the remaining claims include violations of the Federal Medicaid Early and Periodic Screening Diagnostic and Treatment Mandate (Count I), the ADA (Count II), and § 504 of the Rehabilitation Act (Count III). Plaintiffs also allege a violation of the due-process provisions of the Federal Medicaid Act (Count IV) and Fourteenth Amendment (Count V). ECF No. 71.

In August 2020, the parties filed an interim agreement that outlined their goals, commitments, and expected achievements. *See generally* ECF No. 50. The agreement highlighted the expectation that Michigan would detail various "implementation plans" for timely and effectively providing HCBS to eligible children, ensuring the quality and adequacy of the PIHPs' capacity throughout Michigan, and conducting effective outreach. *Id.* at PageID.1077–80. The

parties amended the agreement in November 2021 to permit the filing of an amended complaint and a motion for class certification. ECF No. 64 at PageID.1162.

Plaintiffs seek the following relief:

(1) a declaratory judgment that Defendants have not complied with certain provisions of the previously mentioned acts;
(2) a declaration that Defendants unlawfully failed to provide certain services to Plaintiffs and Class Members;
(3) a preliminary injunction permanently enjoining Defendants from violating the rights of Plaintiffs and Class Members;
(4) a preliminary injunction permanently mandating Defendants to arrange treatment for Plaintiffs and Class Members;
(5) costs and attorney's fees; and
(6) for this Court to retain jurisdiction "until such time as [it] is satisfied that the Defendants' unlawful policies, practices, and acts . . . cannot recur[.]"

ECF No. 71 at PageID.1249.

Plaintiffs propose that the class includes

> All Medicaid-eligible beneficiaries under the age of 21 in the State of Michigan for whom a licensed practitioner of the healing arts acting within the scope of practice under state law has determined, through an assessment, that intensive [HCBS] are needed to correct or ameliorate their emotional, behavioral, or psychiatric condition.

ECF No. 77 at PageID.1468.

Defendants "do not object" but "reserve the right to challenge the facts and allegations brought forth in Plaintiff's [sic] Amended Motion for Class Certification and to move to de-certify the class should circumstances warrant it." ECF No. 79 at PageID.1536–37.

## II.

Rule 23 governs certification of putative classes. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). A "district court has broad discretion to decide whether to certify a class." *Glazer*

*v. Whirlpool Corp. (In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.)*, 722 F.3d 838, 850 (6th Cir. 2013).

### A.

A putative class must meet Rule 23(a)'s four requirements: numerosity, commonality, typicality, and adequate representation. *See* FED. R. CIV. P. 23(a). A court may certify a class only if "the prerequisites of Rule 23(a) have been satisfied." *Wal-Mart*, 564 U.S. at 350–51 (citations omitted). As explained below, the putative class satisfies Rule 23(a)'s four requirements.

### i.

First, the putative class must be so numerous that joinder is "impracticable." FED. R. CIV. P. 23(a)(1). Although the number of potential class members is not always dispositive, "a number more than several hundred[] can be the only factor needed to satisfy Rule 23(a)(1)." *Bacon v. Honda of Am. Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004).

Joinder would be impracticable here. Plaintiffs contend there are more than 60,000 eligible children in Michigan who have not received EPSDT services through Michigan's Medicaid program. ECF. No. 71 at PageID.1193. Although the exact number of class members is unknown because the MDHHS maintains data for only Medicaid-beneficiaries under the age of 18, ECF No. 77 at PageID.1477–78, "general knowledge and common sense indicate that it is large," *see Beattie v. CenturyTel, Inc.*, 234 F.R.D. 160, 168 (E.D. Mich. 2006), *aff'd* 511 F.3d 554 (6th Cir. 2007). For these reasons, numerosity is satisfied.

### ii.

Second, the putative class must share at least one common issue of fact and law. FED. R. CIV. P. 23(a)(2). "Commonality" merely requires one "common contention" that is "capable of classwide resolution." *Wal-Mart*, 564 U.S. at 350; *accord In re Whirlpool Corp. Front-Loading*

*Washer Prods. Liab. Litig.*, 722 F.3d 838, 853 (6th Cir. 2013) ("[T]here need be only one common question to certify a class."). Factual variation among the class members does not defeat commonality. *Young v. Nationwide Mut. Ins.*, 693 F.3d 532, 543 (6th Cir. 2012).

Plaintiffs have raised the following common questions of law and fact against Defendants:

(a) Whether Defendants failed to provide or to arrange for HCBS and to establish policies and procedures that facilitate access to HCBS, as required under 42 U.S.C. §§ 1396a(a)(43)(C), 1396d(r)(5);
(b) Whether Defendants failed to provide notice and an opportunity to be heard after denying requests for services; reducing, suspending, or terminating services; or failing to provide services timely violating the due-process requirements of the Fourteenth Amendment and the Medicaid Act (42 U.S.C. § 1396a(a)(3), and 42 CFR §§ 431.210, 431.206);
(c) Whether Defendants failed to operate and to oversee the behavioral-health managed-care program consistent with Title XIX of the Social Security Act and the implementation regulations of 42 C.F.R. § 438 *et seq.*;
(d) Whether Defendants failed to arrange for medically necessary HCBS and to administer them in the least restrictive setting under Title II of the ADA and § 504 of the Rehabilitation Act;
(e) Whether Defendants failed to reasonably modify programs and policies to make HCBS available under Title II of the ADA and § 504 of the Rehabilitation Act;
(f) Whether Defendants failed to inform individuals of the EPSDT program, what services are available to them, and how they can obtain those services; and
(g) Whether Defendants discriminated based on disability or defeated or substantially impaired their objectives, violating Title II of the ADA and § 504 of the Rehabilitation Act.

ECF No. 77 at PageID.1480.

These eight common questions of law and fact satisfy commonality. Because the claims are based on Michigan's allegedly systematic failure to comply with Medicaid requirement, their injuries are capable of a class-wide resolution. *See, e.g.*, *N.B. v. Hamos*, 26 F. Supp. 3d 756, 773–74 (N.D. Ill. 2014) ("[T]he systemic failure to provide required coverage for [HCBS] . . . . supplies a common contention capable of resolution on a class-wide basis.").

### iii.

Third, Plaintiffs' claims must be "typical of the [putative class's] claims." FED. R. CIV. P. 23(a)(3). "Typicality is met if the class members' claims are fairly encompassed by the named

plaintiffs' claims." *In re Whirlpool*, 722 F.3d 838, 852 (6th Cir. 2013) (internal quotation marks omitted); *see also Beattie v. CenturyTel, Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) ("A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996))).

Plaintiffs' claims involve the same types of injuries as the members of the putative class: the MDHHS's systematic failure to provide medically necessary HCBS and to observe due process, as required by the Medicaid Act, the ADA, the Rehabilitation Act, and the Due Process Clause of the Fourteenth Amendment. ECF No. 77 at PageID.1483. The similar injuries satisfy typicality. *See N.B.*, 26 F. Supp. 3d at 771 (holding that typicality was satisfied because named plaintiffs all had mental- or behavioral-health disorders and alleged "common question [of] whether the state is providing required [HCBS] services" that "are 'medically necessary'").

**iv.**

Finally, Plaintiffs must "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). Two criteria govern adequacy: "1) the representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *In re Am. Med. Sys.*, 75 F.3d at 1083; *see also Young v. Nationwide Mut. Ins.*, 693 F.3d 532, 543 (6th Cir. 2012) (holding class counsel must be qualified, experienced, and able to litigate the matter).

The proposed class is adequate. Plaintiffs bring the same claims as every other class member, and their interests are not antagonistic. *See* discussion *supra* Section II.A.ii. Indeed, they apparently have the same goal: to obtain declaratory and injunctive relief requiring Michigan to provide HCBS as required by the Medicaid Act's EPSDT provisions. ECF No. 77 at PageID.1485.

And the proposed class counsel—Mantese Honigman, P.C., Disability Rights Michigan, the National Health Law Program, Inc., and John J. Conway P.C.—are qualified, experienced, and ready to conduct the litigation. Mantese Honigman specializes in and has more than ten years of experience litigating complex class actions in federal and state courts. *See* ECF No. 77-2 at PageID.1493–96, 1502–05. Disability Rights Michigan is a protection-and-advocacy organization legally authorized to advocate for and to protect the rights of disabled people in Michigan, and its attorneys have extensive experience litigating Medicaid disputes. *See* ECF No. 77-3 at PageID.1511–12. John Conway specializes in class actions and has more than 21 years of experience as colead counsel in class actions. *See* ECF No. 77-4 at PageID.1515. The National Health Law Program's attorneys have experience with Medicaid class actions and have served as class counsel in similar cases. *See* ECF No. 77-5.

Although all four firms serving as counsel are adequate, "the court must appoint *the* applicant best able to represent the interests of the class." FED. R. CIV. P. 23(g)(2) (emphasis added). This Court finds that Attorney David Honigman is the applicant best able to represent the interests of the class based on his experience litigating class actions and his active involvement with this case. Accordingly, he will be appointed as class counsel.

B.

Having decided that the putative class satisfies the four requirements of Rule 23(a), the second step is to determine whether it "fits within one of the three subsections of Rule 23(b)." *Hicks v. State Farm Fire & Cas. Co.*, 965 F.3d 452, 457 (6th Cir. 2020); FED. R. CIV. P. 23(b).

A district court may certify a "mandatory class" if the opposing party "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2); *see also*

*Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002) (explaining that Rule 23(b)(2) classes do not require "notice and the opportunity to 'opt out' of the class action").

This class fits within Rule 23(b)(2). Plaintiffs seek to enjoin Defendants from withholding medically necessary HCBS that is required by the Medicaid Act's EPSDT provisions. *See* ECF No. 77 at PageID.1483. Plaintiffs also "seek 'to settl[e] the legality of [Defendants'] behavior with respect to the class as a whole.'" *Id.* at PageID.1488 (quoting FED. R. CIV. P. 23 advisory committee's note to 1966 amendment). Thus, the interests of the class members are "homogenous." *See N.B. v. Hamos*, 26 F. Supp. 3d 756, 774 (N.D. Ill. 2014) (holding that Rule 23(b)(2) was satisfied because the only remedy for EPSDT violations was statewide implementation of services).

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Amended Motion to Certify, ECF No. 77, is **GRANTED**. The putative class, defined in Part I, *supra*, is certified under Rule 23(a) and Rule 23(b)(2).

Further, it is **ORDERED** that Plaintiffs are **APPOINTED** as class representatives and Plaintiffs' counsel David Honigman is **APPOINTED** as class counsel.

Dated: November 3, 2022　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge